FILED
AUG 0 8 2011
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael K. Ciacci, )
)
     Plaintiff, )
)
v. ) Civil Action No. 11 1442
)
United States, et al., )
)
)
     Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Plaintiff is a District of Columbia resident, suing the Tort Branch of the Department of Justice's Civil Division, as well as Hawaii's Governor Neil A. Abercrombie, United States Congresswoman Colleen Hanabusa, Hawaii State Senator Les Ihara, Jr., Hawaiian Telcom Communications, Inc., and Oceanic Time Warner Cable, Inc. *See* Compl. Caption. By Order filed on March 22, 2011, this Court dismissed plaintiff's complaint against all of the defendants named in this action, except DOJ, on the ground that it was frivolous. *Ciacci v. United States of America*, Civ. Action No. 11-0590 (D.D.C. Mar. 18, 2011). Plaintiff noticed an untimely appeal of that dismissal order on July 29, 2011.

The dismissed complaint arose from the same events in February 2009 that form the basis of the instant complaint. Under the principle of *res judicata*, a final judgment on the merits in

one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). Res judicata bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59 (D.C. Cir. 2002) (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010); *Role Models America, Inc. v. Penmar Dev. Corp.*, 394 F. Supp. 2d 121, 128-29 (D.D.C. 2005). "Under well-settled federal law, the pendency of an appeal does not diminish the res judicata effect of a judgment rendered by a federal court." *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 149-98 (D.C. Cir. 1983) (citing cases); *accord Simoy v. U.S.*, 117 Fed. Appx. 129 (D.C. Cir. 2004). As to the repetitive claims raised in this action against the same defendants of the previous action, the Court finds them precluded under the res judicata doctrine. *See Role Models*, 394 F. Supp. 2d at 129-30 (discussing final judgments); *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n. 12 (D.D.C.2007) ("[C]ourts may dismiss sua sponte when they are on notice that a claim has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.' ") (*quoting Arizona v. California*, 530 U.S. 392, 412 (2000)).

Plaintiff's claim against DOJ's Tort Branch stemming from the agency's denial of his administrative tort claim on April 7, 2011, Compl. ¶ 2, is not procedurally barred. It fails nonetheless because the Court has already found no merit to the underlying claim. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: August 4, 2011